Rickabaugh v. Bada.

RICKABAUGH v. BADA.

1. Replevin: OFFICER CANNOT RECOVER FOR DEFENDING. An officer cannot recover for his time and expenses in successfully defending in an action for replevin for personal property which he had levied upon, and with respect to which the plaintiff in the replevin suit had served no notice of claim of ownership.

*Appeal from Mills Circuit Court.*

SATURDAY, DECEMBER 7.

ACTION to recover for loss of time and expenses incurred in an action in replevin, in which this plaintiff was defendant,

·and this defendant was plaintiff.    There was a trial by the ·court and judgment for the defendant.  The plaintiff appeals.

*Kelly Bros.*, for appellant.

*Hale, Stone & Proudfit,* for appellee.

ADAMS, J.—The action in replevin was brought by the appellee to obtain possession of certain personal property

1. REPLEVIN: officer cannot recover for defending.

which Rickabaugh had levied an execution upon as constable, and which Bada claimed by virtue of a chattel mortgage executed to him by the execution debtor.    Rickabaugh defended in that action, and was suc- ·cessful.    In doing so he expended forty-five dollars for attor- ney's fees, and expended also time and money of the value of twenty-eight dollars and eighty cents.    It does not appear that the mortgage was not valid, but Bada served no notice of his ownership of the property until he served his writ of replevin, and he failed in his action in replevin because of his failure to serve such notice before the commencement of his action.

Rickabaugh seeks to recover upon the ground that it was necessary for him to defend in the action in replevin, and to expend the time and money which were expended.    While it is true that the time and money were expended after Bada gave notice of his ownership, yet it is said the necessity for such expenditure had been created before.    Section 3055 of the Code provides that an officer levying an execution on prop- ·erty in possession of the execution debtor shall be· protected against liability by reason of such levy, notwithstanding the property may belong to some person other than the execution debtor, until he shall receive written notice of the true own- ·ership.    It is insisted by the appellant that, unless he can be ·permitted to recover for time and money expended, where the necessity for such expenditure was created before such notice, he will not be protected against all liability by reason of the levy as the Code provides.

In our opinion the appellant misconceives the meaning of

the provision in question. The liability referred to is a liability to the owner of the property. The provision was sufficient to prevent Bada from recovering damages for the wrongful detention. It was also sufficient to entitle Rickabaugh to recover his costs in the action in replevin. But it does not appear to us that it is sufficient to enable him to maintain an action like the present. If it be so we do not see why he may not maintain another action for the time and money expended in this action, and so on *ad infinitum*.

It is true that under the view which we take an officer is not fully protected. He is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the execution debtor, or on which the execution creditor directs him to levy, unless he has received notice in writing from some other person, his agent or attorney, that such property belongs to him. Code, § 3055. Under this provision it is evident that he may be drawn into costs in an action by the claimant unless he appears and defends. But, this is incident to the business which he undertakes to do. The law does not ordinarily allow a recovery for attorney's fees, or for time expended in prosecuting or defending an action. In our opinion the successful party in an action in replevin is not entitled to recover damages except so far as he may do so in the action itself, and we think the rule is not different when the successful party is an officer defending himself against costs.

AFFIRMED.