## LYDIA WEAKLY

### v.

### NORTHWESTERN BENEVOLENT AND MUTUAL AID ASSOCIATION OF ILLINOIS.

INSURANCE—NOTICE OF ASSESSMENT.—The court is of opinion that under section five of the by-laws of the Mutual Aid Association, the duty of the company was complete upon mailing the assessment, and that the failure of such assessment to reach the assured by reason of its miscarriage in the mail, or the absence of the assured, would not excuse non-payment of the assessment within the prescribed time.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 25, 1886.

Messrs. TIPTON & BEAVER, for plaintiff in error.

Messrs. McNULTA & WELDON and Mr. HAMILTON SPENCER, for defendant in error.

CONGER, J. This was an action of assumpsit, brought by plaintiff in error against defendant in error, on a policy of insurance, payable to plaintiff in error, issued upon the life of her husband, Edward B. Weakly.

To the declaration were filed two special pleas, setting forth section five of the by-laws of the association, which is as follows:

" Whenever satisfactory evidence is received at the home office of the death of a member, the secretary shall cause a notice to be sent to the last known postoffice address of every member, to contribute one dollar to the relief fund ; which notice shall be in the form of assessment and shall give the number of the certificate, date of death, and the amount required for the fulfillment of its provisions; beneficiaries may be changed without charge by consent of the directors. Every member failing to pay his assessment within thirty days from the date of such assessment, shall stand suspended from all benefits and privileges of this association, and shall not again become a member, except upon the " term of a new member," and averring that on the 20th day of February, 1884, the association at the home office in Bloomington, Illinois, received notice and satisfactory evidence of the death of two of its members; that the secretary of the association on that day made an assessment upon Edward B. Weakly, mailed it at the office in Bloomington, with proper pre-payment of postage thereon, addressed to said Weakly at his last known postoffice address, to wit, Decatur, Illinois; that Weakly failed to pay said assessment in thirty days from that date, whereupon said Weakly was suspended from membership, and so remained until his death, which occurred on the 12th of May, 1884.

To this plea a demurrer was interposed, which, being overruled by the court, judgment was rendered against plaintiff in error for costs.

The controversy arises upon the construction of said section five of the by-laws. Plaintiff in error insists that the assured was entitled to actual notice of the assessment, and that the thirty days during which he was required to make payment of an assessment began upon the actual receipt of the notice, and therefore the pleas are defective in not averring such actual notice.

Defendant in error contends that its duty to the assured was fully performed upon its placing in the postoffice at Bloomington the notice with postage prepaid and properly addressed to the last known postoffice address of the assured.

The majority of the court are of opinion that this case is to be distinguished from that of Protection Life Ins. Co. v. Palmer, 81 Ill. 88, in this, that in the case cited the payment was required to be made in thirty days from the date of notice, which the Supreme Court seem to hold means from the time when such notice would, in due course of mail, have reached its destination, while in the present case the thirty days begin to run from the date of the assessment.

In the Palmer case, where the policy is declared by its terms to be forfeited unless payment is made within thirty days from the date of notice, it is not unreasonable to hold that these words "date of notice," refer to the time when the knowledge of the facts contained in the letter reach the assured, for the word notice has a double meaning, and is often used to signify either the paper or other instrumentality used to give the information, or the information itself.

No such ambiguity can arise by the use of the word assessment. It can not refer to two distinct periods.

The date of the assessment means necessarily the time when it is made out by the secretary and mailed to the assured in accordance with the terms of section five of the by-laws.

If this is a proper construction of said section five, it follows that the duty of the company was complete upon mailing the assessment as set forth in its special pleas, and that the failure of such assessment to reach the assured by reason of its miscarriage in the mail, or the absence of the assured, would not excuse non-payment of the assessment within the prescribed time. Greely v. Iowa St. Ins. Co., 50 Iowa, 56; May on Insurance, Sec. 562.

These pleas presenting a complete defense, there was no error in overruling the demurrer, and the judgment of the circuit court is therefore affirmed.

Affirmed.