CHARLES SIEBERT, Defendant in Error, v. SUPREME COUNCIL OF THE ORDER OF CHOSEN FRIENDS, Plaintiff in Errror.

'St. Louis Court of Appeals, November 9, 1886.

1. INSURANCE—FORFEITURE—CONDITIONS OF—HOW CONSTRUED.—Conditions of forfeiture in insurance contracts are strictly construed.

2. —— BENEVOLENT INSURANCE SOCIETIES—BURDEN OF PROOF. Under the law of a benovolent insurance association, which provides that the failure of a member to pay an assessment, after he shall have been notified in a stated manner, shall work a forfeiture of benefits, the association claiming the forfeiture must show that the member was so notified.

3. —— EVIDENCE—INFERENCES.—That the member of such an association, in such a case, knew of the assessment is a fact from which the jury may, but are not bound to, infer that he was properly notified.

4. —— BURDEN OF PROOF.—The plaintiff's right of recovery being dependent upon the fact that the deceased was a member in good standing at the time of his death, and such fact being denied by answer, the burden of proof to establish it is on the plaintiff.

5. PRACTICE—IRRELEVANT TESTIMONY.——The admission of irrelevant testimony, not submitted to the jury by instructions and not otherwise prejudicial to the appellant, is not ground for reversing a judgment.

ERROR to the St. Louis Circuit Court, DANIEL DILLON, Judge.

Affirmed.

LOUIS A. STEBER, for the plaintiff in error: The court on the case as a whole should have sustained the defendant's motion for judgment *non obstante veredicto*. *Powell v. Railroad*, 76 Mo. 85; *Borgraefe v. Knights*, 22 Mo. App. 127; *Slayback v. Girkhardt*, 1 Mo. App. 333; *Maser v. Ins. Co.*, 2 Mo. App. 408; *Eaton v. Knights*, 22 Cent. L. J. 560; *St. Patrick v. McVey*,

92 Pa. St. 510. The deceased had knowlege of the assessment and when it was due and payable. *Hollister v. Insurance Co.*, 118 Mass. 479 ; *Speck v. Riggin*, 40 Mo. 405 ; *Maupin v. Emmons*, 47 Mo. 304 ; *Stule v. Insurance Co.*, 3 Mo. App. 207. That notice of the asssessment was not mailed or delivered on its date, ample time for payment being had, is immaterial. *Ancient Order v. Moore*, 9 Ins. L. J. 539. Notice means the means of knowledge of which a person wilfully neglects or refuses to take anvantage. *Lee v. Turner*, 15 Mo. App. 213 ; *Hill v. Tissier*, 15 Mo. App. 300. Punctual payment is the essence of the contract. The orders could not exist and do business without it. *Klein v. Ins. Co.*, 104 U. S. [14 Otto] 88 ; *Thompson v. Ins. Co.*, 104 U. S. [14 Otto] 258 ; *McMurray v. Knights*, 13 Ins. L. J. 569 [472.]

LEO RASSIEUR, DEXTER TIFFANY, and B. SCHNUR-MACHER, for the defendant in error : The answer denied the vital allegation of the petition, to-wit, that Gertrude Siebert, at the time of her death, was a member in good standing. It rested on the plaintiff to show this. The burden of proof was, therefore, upon him. *Porter v. Jones*, 52 Mo. 399. The deceased was a member in good standing once and a state of facts once shown to exist will be presumed to continue until the contrary be shown. *Cargile v. Wood*, 63 Mo. 501 ; *Ansyln v. Franke*, 11 Mo. App. 598 ; *Supreme Lodge v. Johnson*, 78 Ind. 110. It is for the jury, under all the circumstances, to say whether the notice was in point of fact sent, or whether the secretary might not have been honestly mistaken in supposing that he had sent it. *Borgraefe v. Supreme Lodge*, 22 Mo. App. 127. Courts regard forfeitures with great disfavor, and the proof to establish them must be clear and satisfactory. *Borgraefe v. Supreme Lodge*, 22 Mo. App. 127 ; *Froehlich v. Ins. Co.*, 47 Mo. 406 ; *Sims v. Ins. Co.*, 47 Mo. 14 ; Hirschl on Fraternities, 34 ; *Supreme Lodge v. Abbott*, 82 Ind. 1.

Lewis, P. J., delivered the opinion of the court.

The defendant is an incorporated benevolent association which issues benefit certificates to its members for the payment of a fixed sum, upon the death of a member, to such person as shall be designated in the certificate. Gertrude Siebert (now deceased) was the wife of the plaintiff and a member of the association, holding a certificate for the payment of two thousand dollars to her husband at her death. The plaintiff had a verdict and judgment for that sum with interest, upon which the defendant prosecutes this writ of error.

The supreme council acts upon its members through the subordinate councils to which they respectively belong. Gertrude Siebert belonged to Pearl Council number fifteen, located in the city of St. Louis. Her application for membership contained the following:

"If admitted, I agree to make punctual payment of all dues, and assessments for which I may become liable, and to conform in all respects to the laws, rules, and usages of the order, now in force, or which may be adopted by the same. * * * I do hereby further consent and agree that * * * my suspension * * * from * * * the order shall forfeit my rights to all benefits and privileges therein ; nor shall it be lawful in case of my death during such suspension, for any of my heirs, devisees, or legatees to receive any benefit or endowment whatever from the supreme or any grand or subordinate council of Chosen Friends."

The membership and benefit certificate provided for the payment of the benefit "in the manner and subject to the conditions set forth in the laws governing said relief fund and in the application for membership," and that the certificate should be in force and binding "so long as said member shall comply with the requirements of the constitution, laws, and regulations adopted for the government of the order ; otherwise to be null and

void." Among the requirements of the constitution, laws, and regulations referred to are the following :

" Sec. 5. When an assessment is made it. shall be the duty of the secretary to at once notify every member liable to the assessment. The assessment notice shall be furnished by the supreme council and shall bear the seal of the subordinate council, with the signature of the secretary attached ; each member shall pay the amount due, to the secretary, within thirty days from the date of such notice, and any member failing to pay such assessments within thirty days shall forfeit all rights and claims to benefits under the relief fund law, and shall be reported suspended from beneficiary membership, by the secretary, in his report to the supreme treasurer, and to the council at its next regular meeting thereafter, and shall stand so suspended until all arrearages and fines shall have been paid to the secretary, and all other laws governing reinstatements have been fully complied with. Any council failing to report such delinquent, shall pay, as a fine, out of its general fund, an amount equal to the amount of all assessments which the member would have paid had he or she remained in good standing. The notice provided for by section 1, article 8, of the subordinate council constitution, is a legal notice for the purposes of this section, and shall be so regarded."

And section 1, article 8, concerning notices, above referred to, reads as follows :

" Sec. 1. The secretary shall make out and deliver to each beneficiary member in good standing, either in person, to some person authorized by the member to receive notice, or by depositing the same in the post office directed to the member's last known address, a written or printed notice of each assessment on account of the relief fund issued by authority of the supreme council, and such a notice so delivered shall. be deemed and held to be legal notice of such assessment. The secretary, in

making these notices, is required to use the official notice blank furnished by the supreme council, but the use of any other form or blank shall not invalidate the notice to the member, but only render the secretary subject to discipline."

The defence is, that Mrs. Siebert, although duly notified, failed to pay assessment number 72, for $1.20, which was declared on April 15, 1885, and payable on or before May 15, 1885. She died on May 16, 1885. It is not pretended that this assessment was paid within the time required, or at any time before Mrs. Siebert's death. The controversy turns upon the question whether she was so notified or informed of the assessment as to incur a forfeiture by its non-payment. The plaintiff here holds that the notice given, in order to have such an effect, must be shown to have substantially followed, in its form and manner of service, the rules prescribed in the constitutional regulations above copied. The defendant insists that it will suffice if it appear that Mrs. Siebert had knowledge of the assessment, derived from any source, or that she had such a knowledge as should have put her upon inquiry about it. The court instructed in accordance with the plaintiff's view, and we think this was the correct ruling.

There are many cases where a person must, at his peril, act upon the knowledge of a particular fact, however derived, or upon such information as should reasonably put him upon inquiry. But wherever the special law of the notice prescribes the form and manner in which it is to be given, especially when a forfeiture may result, the party to be affected will, as a general rule, not be bound by a notice given in any other form or manner. Thus, when a man's rights are to be adjudicated in a court of justice, he is entitled to just the form, manner, and time of notice that are directed by the statute; otherwise he will not be bound by the proceedings, although bodily present in the court room, seeing and hearing all that may be done. The endorser of a

promissory note may have a personal knowledge of the maker's intention not to pay, or of his failure to pay, at maturity. Yet the holder can not subject him to any liability, without a notice of the dishonor, given in the form, time, and manner established by commercial law and usage. Mrs. Siebert might have heard a rumor, or have been informed by a friend, that assessment number 72 had been declared, and must be paid by a certain time. But she had a right to disbelieve the rumor, or the friend, until a knowledge of the fact was brought home to her in the way for which she had stipulated in her contract with the association. That contract was visible in the printed laws of the association, and in her acceptance of them in her application for membership.

The only attempt to prove notice was in the testimony of two witnesses. Mrs. Thomas, the secretary of Pearl Council, No. 15, testified, in effect, that she received from the officers of the supreme council a notice of assessment number 72, together with a number of printed notices for delivery to the members of her subordinate council. Blanks were left for the names, and one of these blanks she filled with the name of Gertrude Siebert. She "gave it to her, not personally, but sent it to her;" could not swear of her own knowledge that Mrs. Siebert received it. "Q. You remember how this notice number 72 was served upon Mrs. Siebert? A. Not on her, I do not know."

Mrs. Michaels, a member of Pearl Council, testified that, on the day of the last council meeting before May 15, Mrs. Siebert called on her with a request that she would take the money for Mrs. Siebert's assessment and pay it at the meeting. The witness declined to do this, saying that she did not intend to be there. Mrs. Siebert then said that she would herself pay it the next day.

Upon this testimony it cannot be positively assumed

Vol. xxiii—18

that Mrs. Siebert received the notice to which she was entitled by the law of the association. It does not appear that it was delivered to her, "either in person, to some person authorized by the member to receive notice, or by depositing the same in the post office directed to the member's last known address." Some license is given near the close of the section as to the form or blank to be used, but none as to the manner of service. Mrs. Siebert, before seeing Mrs. Michaels, may have had some information of an assessment, but afterwards declined to act without a proper notification. A jury might infer that Mrs. Siebert did, or that she did not, receive the proper notice, without doing violence to the proofs. It is incidental to our jury system, that jurors may adopt the most highly improbable of several hypotheses properly submitted to them, and yet their verdict must be judicially permitted to stand, however unsatisfactory to other minds. It is manifest from the record in this case, that the jury were not satisfied that Mrs. Siebert had received a proper notice, in accordance with the laws of the association. The testimony was substantially competent to create such a doubt, and we are not authorized to reverse its practical effect. Our attention is directed to a provision in section 3, whereby the council "shall not excuse members, or pay or cause to be paid to them any benefits which they may have forfeited by non-payment, because of a failure on the part of the secretary to give them written or other notice." It may be a question whether this provision would be judicially sustained, in any case, as a *reasonable* by-law of a private corporation. But, at all events, it has no application to the present case. It has no reference to death benefits, but only to sick benefits, which are treated of in a preceding section. It contemplates only payments *to members ;* and these cannot include death benefits, which are paid, not to members, as such, but to the person named in the certificate, who may not be a member.

Complaint is made that the court erroneously re-

fused to allow to the defendant the opening and conclusion at the trial. The vital issue raised by the pleadings was, whether Gertrude Siebert was, at the time of her death, a member of the association in good standing. The affirmative of this issue belonged to the plaintiff, and the court's ruling was correct.

The defendant assigns for error the admission of evidence tending to prove that Mrs. Siebert's assessment was paid after her death by the plaintiff. There is nothing in the objection. The matter was first introduced by the defendant's counsel, who elicited from the secretary a statement that she refused to receive from the plaintiff a payment on Mrs. Siebert's account, after the death. The plaintiff testified in rebuttal that the secretary actually received and accepted the payment. The court stated that this fact could be of no avail to the plaintiff, unless it was followed up by evidence that the supreme council had afterwards ratified the payment by a receipt of the money. No such evidence was offered. The instructions given were wholly inconsistent with any supposition of the possibility of a valid payment of the assessment after the death of Mrs. Siebert.

Upon the whole record, we find that the case was fairly submitted to the jury. We cannot, therefore, disturb the verdict, and the judgment must be affirmed. All the judges concur.