LOTTIE FORSE, by next Friend, Respondent, v. THE SUPREME LODGE KNIGHTS OF HONOR, Appellant.

Kansas City Court of Appeals, April 14, 1890.

*Rehearing denied, May 12, 1890.*

1. **Pleading:** SUFFICIENT PETITION : CONDITIONS PRECEDENT. Where the petition states the terms of an insurance contract issued by defendant and follows with an allegation of due performance of all conditions and obligations to be by him performed, such as death notice, etc., and asks judgment for the amount stipulated, it is a sufficient pleading of the conditions precedent.

2. **Benefit Societies:** NOTICE OF ASSESSMENT: BY-LAW. The by-law of a benefit society stipulated that notice of assessment should be either delivered to the member, or " shall be deposited in the mails by the reporter directed to the member at his last or usual place of residence or business." *Held,* an instruction telling the jury : " If, therefore, you believe from the evidence that said notice was by said reporter deposited in the mails, directed to the said, etc., at," etc., should have been given, and that it was error to modify it by the condition, "if received." Parties are only entitled to the notice contracted for, and such, and none other, need be given.

3. ————: GOOD STANDING OF ASSURED. The benefit certificate is proof of the good standing of the assured at the date of its issue and its production at the trial makes a *prima facie* case for the plaintiff on that issue.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*N. M. Givan* and *Stauber & Crandall*, for appellant.

(1) The petition failed to state a cause of action. It declared upon an alleged conditional contract, and the conditions precedent upon which plaintiff is entitled to recover are not set out in the petition. Therefore defendant's objection to the introduction of any evidence under the petition should have been sustained. *Bobbitt v. Ins. Co.*, 66 N. C. 70 ; 8 Am. Rep. 494 ; *Parks v. Heman*, 7 Mo. App. 18 ; *Brecheisen v. Coffey*, 15 Mo. App. 80 ; *Turner v. Mellar*, 59 Mo. 535 ; *Monks v. Miller*, 13 Mo. App. 368 ; Stephens on Pleading, 334 ; Bliss on Code Pleading, sec. 302 ; *Moore v. Mountcastle*, 72 Mo. 605 ; *Vaughan v. Daniels*, 98 Mo. 230. (2) The evidence of defendant, which was uncontradicted, overcame any legal presumption created by the benefit certificate that Forse was in good standing at time of his death, and, therefore, defendant's instruction number 8, directing the jury to find for defendant after all the evidence was in, should have been given. Where the facts

are undisputed, and the witnesses are unimpeached, it is
the duty of the court to direct a verdict.   *Hawkshaw
v. Supreme Lodge*, 29 Fed. Rep. 770 ; 2 Thompson on
Trials, p. 1603 ; *Lennix v. Railroad*, 76 Mo. 86 ; *Powell
v. Railroad*, 76 Mo. 80 ; *O' Hare v. Railroad*, 95 Mo.
682 ; *Morgan v. Durfee*, 69 Mo. 476 ; *Landis v. Ham-
illon*, 77 Mo. 554 ; *Morris v. Barnes*, 35 Mo. 412;
*Nolan v. Shickle*, 3 Mo. App. 300 ; *State ex rel. v.
Marshall*, 4 Mo. App. 29 ; *Lionberger v. Pohlman*, 16
Mo. App. 392 ; *Commissioners v. Clark*, 94 U. S. 284 ;
*Bank v. Bank*, 10 Wall. 637.   (3)   The laws, rules and
regulations of defendant order enter into and become a
part of the contract sued on as fully as if set out in the
benefit certificate itself, and the holder of such certifi-
cate was a voluntary party to the compact, and was
conclusively presumed to know what it was, and was
bound by it.   Bacon on Benefit Societies, secs. 91 and
161 ; *Coleman v. Knights of Honor,* 18 Mo. App. 189 ;
*Hammerstein v. Parsons*, 29 Mo. App. 515 ; *Walsh v.
Ins. Co.*, 30 Iowa, 145 ; *Red Men v. Schmidt*, 57 Md.
106 ; *Knights v. Ainsworth*, 17 C. L. J. (Ala.) 413 ;
*Beneficial Society v. McVey*, 92 Pa. St. 510 ; *Robinson
v. Lodge*, 86 Ill. 598 ; *Borgraefe v. Knights of Honor*,
22 Mo. App. 140 ; *Borgraefe v. Knights of Honor*, 26
Mo. App. 219 ; *Benefit Society v. Baldwin*, 86 Ill. 479 ;
*Lodge v. Elsner*, 26 Mo. App. 108 ; *Knights of Honor v.
Naim,* 22 C. L. J. (Mich.) 274 ; Bliss on Life Insurance,
sec. 463 ; May on Insurance, sec. 552 ; *Hellenberg v.
District*, 94 N. Y. 580 ; *Schunck v. Gegenzeiten*, 44 Wis.
375 ; *Benefit Society v. Burkhart*, 110 Ind. 192 ; *Smith
v. Knights of Father M.*, 36 Mo. App. 184.   (4)   The
instructions given by the court at the request of plain-
tiff are not the law, and should have been refused.
Those asked by defendant properly declare the law
governing the case, and should have been given.   Those
given by the court of its own motion, being in lieu of
numbers 1, 3 and 7 asked by defendant, are not the law

as modified by the court, are in direct conflict with the laws of defendant, which are a part of the contract, are in conflict with other instructions given by the court, are inconsistent, contradictory and misleading. Bacon on Benefit Societies, secs. 81, 92, 381, 385, 398; *Borgraefe v. Knights of Honor*, 22 Mo. App. 127; *Rood v. Railroad*, 31 Fed. Rep. 92; Authorities cited under points 2, 3, 6.

*Vinton Pike* and *R. E. Culver*, for respondent.

(1) The petition is sufficient. The complaint is that we have stated a legal conclusion instead of the facts from which such legal conclusion follows. Such pleading is good after verdict. Bliss Code Pl., secs. 334 and 438; *Jackson v. Railroad*, 80 Mo. 150; *Stillwell v. Hamm*, 97 Mo. 585; *Bank v. Franklin County*, 65 Mo. 110. (2) Defendant's answer was a general denial, and did not allow the defense made and tried in this case. It has been held in another case against this defendant, that it is doubtful if a general denial is sufficient to put the plaintiff to prove that the assured was a member in good standing at the time of his death, "but, if required to make proof, only general proof on that subject would be required." *Lazensky v. Supreme Lodge*, 31 Fed. Rep. 594. The same case holds that the possession of the certificate is evidence that the assured was in good standing at the time of his death, citing *Knights of Honor v. Johnson*, 78 Ind. 110. The same ruling was made by the St. Louis Court of Appeals in the *Mulroy case*, 28 Mo. App. 463. *Dial v. Ins. Co.*, 8 S. E. Rep. 27; *McCorkle v. Ben. Ass'n*, 8 S. W. Rep. 516. The defense attempted is that he was not in good standing, because he had been suspended from the lodge in a proceeding against him. In other words, the rights of this plaintiff had been forfeited by the lodge on account of some act or delinquency of the insured. This fact was peculiarly within the

knowledge of the lodge, and should have been presented by answer. In the *Lazensky case* such mode of pleading was adopted. In that case the court holds that the obligation to pay mortuary assessments was not a condition precedent. The fact of the payment of assessments was not material, except as it may be involved in good standing. The answer, therefore, presented no defense to plaintiff's case. ( 3 ) The insured was a member in good standing, unless he had been legally suspended. The lodge undertook to suspend him for non-payment of assessment number 148. This suspension was admittedly illegal, if notice of the assessment had not been given the assured in the manner prescribed in defendant's laws. This question was submitted to the jury, and answered in favor of the plaintiff. ( 4 ) There is no evidence that he actually received a notice. The law requires satisfactory proof in such cases of the loss of good standing, in order that the condition be enforced by the court. *Mills v. Rebstock*, 29 Minn. 380 ; *Gellatly v. Benefit Society*, 27 Minn. 215. ( 5 ) In answer to appellant's third point, it is sufficient to say that the stipulations there referred to are conditions subsequent, and plaintiff was not required to plead them or aver performance, and, if there is anything in the point, it should have been shown in pleading by appellant. *McLaughlin v. McAllister*, 36 Fed. Rep. 748 ; *Lazensky case, supra*. ( 6 ) The appellant cannot insist upon a forfeiture without showing notice was given as required by its laws. *McCorkle v. Ben. Ass'n*, 8 S. W. Rep. 516. ( 7 ) It is not pretended that any notice was given the insured otherwise than by postal card. Section 3, article 7, provides that the members shall be notified, and that the notice shall be in proper form and official. Section 4 authorizes the subordinate lodge to notify by postal card. When this method of notice is adopted, a record thereof is required to be made, and, if made, the assured

agrees that it shall be *prima facie* evidence of its service. If the stipulated evidence is not made or produced, actual notice must be shown. Forse did not agree that the oath of the reporter, that, according to the best of his knowledge and belief, he mailed a notice, because it was his custom to notify all members, should be *prima facie* evidence of receipt of notice by him ; but that the reporter's record thereof in a book kept for that purpose, and always open to the members' inspection, should be *prima facie* evidence. *Castner v. Ins. Co.*, 50 Mich, 277, and 15 N. W. Rep. 452.

GILL, J.—The Supreme Lodge Knights of Honor on May 9, 1882, issued to Charles Alvin Forse its benefit certificate number 131,889, by which it became obligated to pay upon his death, primarily to his widow, and secondarily to his heir, two thousand dollars. Said Forse had received from a subordinate lodge at St. Joseph, the Degree of Manhood and had become a contributor to the Widows and Orphans' Benefit Fund. His wife died April 5, 1885, and said Forse died May 16, 1885, intestate and without making any disposition of the benefit, and leaving as his only child and heir the plaintiff Lottie, who, by her next friend, duly appointed, has brought this action upon said benefit certificate. The petition counts upon said certificate and sets forth plaintiff's title to the fund. The answer is a general denial.

On the trial plaintiff read in evidence the certificate ; proved the respective deaths of Forse, and wife and that plaintiff was the only heir of said Forse, and that said Forse had left no will, nor made any other disposition of the benefit. Plaintiff also read in evidence section 7, article 9, of defendant's constitution which reads as follows :

"Sec. 7. *Death of beneficiaries.*—In the event of the death of all of the beneficiaries designated by

the member, before the decease of such member, if he shall make no other disposition thereof, the benefit shall be paid to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit, by the laws of this order, it shall revert to the Widows and Orphans' Benefit Fund." The defense is that said Charles A. Forse was not, at his death a member of the lodge "in good standing," and had prior to his decease been suspended by reason of his non-payment of what is termed assessment number 148 to the Widows and Orphans' Fund. At the trial before a jury, the plaintiff recovered for the amount named in the benefit certificate with interest, and defendant has appealed.

I. Although counsel have crowded this record with a great multitude of objections to the judgment of the court below, and have taxed their industry and endurance in stating "points" and citing authorities, without stint or limit, yet, upon a careful and laborious consideration of the points raised, we regard a *few* only as "materially affecting the merits of the action," and shall, in this opinion, direct attention to these only. Before passing, however, to the controlling features of the case, we will say that we can see no substantial objection to the plaintiff's petition. It states the terms of a contract entered into between the deceased Forse and this benevolent corporation, followed by an allegation of due performance of all the conditions and obligations to be by him performed; death notice, etc., is alleged; and judgment is asked for the amount of two thousand dollras, stipulated in such insurance certificate to be paid by defendant. This was a sufficient pleading of these conditions precedent. R. S. 1889, sec. 2079.

II. The defendant is a benevolent and charitable organization, with an insurance scheme attached for the benefit of its members only. The basis for this claim,

now prosecuted by Lottie, the only child and heir of Chas. A. Forse, deceased, is the following contract entered into between said Forse in his lifetime and the defendant corporation :

"Supreme Lodge of Knights of Honor. Organized January 1, 1874. Number 131,889. Two thousand dollars. Knights of Honor Benefit Certificate.

"The Supreme Lodge Knights of Honor issues this certificate to Charles Alvin Forse, a member of Phœnix Lodge, number 2220, located at St. Joseph, Missouri, upon evidence received from said lodge that he had lawfully received the Degree of Manhood and is a contributor to the Widows and Orphans' Benefit Fund of this order; and upon the condition that the statements made by said member in his petition for membership, and the statement made by him to the medical examiner be made a part of this contract, and upon condition that said member complies with the laws, rules and regulations now governing this order, or that may hereafter be enacted for its government, and is in good standing at his death, the' said supreme lodge hereby agrees to pay out of the Widows and Orphans' Benefit Fund to Mrs. Sarah E. Forse the sum of two thousand dollars in accordance with and under the laws governing this order, and upon satisfactory evidence of the death of said member and the surrender of this certificate. Provided, that this certificate shall not have been surrendered by said member or canceled at his request, and another certificate has been issued in accordance with the laws of this order.

"In witness whereof the Supreme Lodge Knights of Honor has hereunto affixed its seal and caused this certificate to be signed by its Supreme Dictator and Supreme Reporter, at Wooster, Ohio, this ninth day of May, 1882.                    W. B. HOKE,

"J. C. PLUMER,                    Supreme Dictator.

      "Supreme Reporter."

VOL. 41—8

"Witnessed and delivered in the presence of George W. Belt, Dictator, and I. C. Mulkins, Reporter, of Phœnix Lodge, number 2220, Knights of Honor. I accept this certificate upon these conditions herein named.                    CHARLES ALVIN FORSE."

In order to provide a fund with which to meet the demands arising from the deaths of the holders of these benefit certificates, it is the policy and law of the order to keep on hand in the treasury of the mother lodge a sum sufficient to pay the amount of one insurance, so that assessments on the members are called for as often as a death may occur. These calls emanate from the supreme lodge, and are directed to the local or subordinate lodge, whose duty it is to give notice of such assessment to the individual members thereof. Following such notice the laws of the order provide :

"Sec. 5. *Payment of assessments.*—Each member shall pay the amount due within thirty days from date of such notice, failing which he shall stand suspended, and shall not thereafter be entitled to the benefits of the Widows and Orphans' Benefit Fund, until he has been duly reinstated in his subordinate lodge, in accordance with the laws of the order."

Now, in the defense of this action to recover on the Forse certificate, it is claimed that on November 7, 1884, Forse was notified to pay in an assessment of one dollar ( called assessment number 148 ), and failing therein for thirty days he was suspended, and thereby forfeited all claim on account of such benefit certificate. It is undisputed that the supreme lodge made the call on the subordinate lodge at St. Joseph, and unquestioned, too, that Forse did not pay anything on account of such assessment number 148 ; but the issue of facts made is, was he *notified* thereof in the manner provided by the laws of the order? If *duly notified*, then, since he failed to pay the assessment, he was subject to suspension, and was not a member of the order in good standing at his death, and therefore the defense to this action

was fully made out.   The manner of service of such notice to the members is provided for by section 4, article 7, of defendant's by-laws, as follows:

"Sec. 4. *Notice of assessment.*—Subordinate lodges may, at their option, notify members of assessments by postal cards, provided no statement of amount of indebtedness be specified thereon.   The reporter of each lodge shall keep a record of assessment notices given to each member, in a record book provided therefor.   Such notices shall bear date of the notice of the supreme reporter directing call of same, and shall be promptly delivered to each member, or deposited in the mails by the reporter, directed to the member at his last or usual place of residence or business.   Such records shall be *prima facie* evidence of the fact therein contained, and that such notices were duly given, in all actions of law and equity between any member, his heirs, executors, administrators or beneficiaries, and the supreme lodge."

At the trial, on this issue of notice as to assessment number 148, testimony *pro* and *con.* was introduced, that of the defendant tending to show that the requisite notice was posted in the mail at St. Joseph, Missouri, and directed to said Chas. A. Forse at his then place of residence, as well as evidence *tending* to prove that the same was *received* by said Forse, while on the part of the plaintiff there was likewise testimony tending to prove the contrary.   Upon this evidence defendant requested the court to instruct the jury as follows: " The court instructs the jury that it is not necessary, in order to show that Charles A. Forse was not in good standing at the time of his death, to prove that he actually received the notice of assessment; it is only necessary to prove that the same was deposited in the mails by the reporter of his lodge, directed to him at St. Joseph, Missouri.   If, therefore, you believe from the evidence that the said notice was by the said reporter deposited in the mails, directed to the said

Forse at St. Joseph, Missouri, and he failed to pay said assessment within thirty days from the date of said notice, then by the terms of the contract entered into by him he stood suspended, and was not in good standing as a member of defendant at the time of his death, and you will find for defendant."

The court refused to instruct as requested, but did offer to give said instruction modified by inserting words to the effect that such notice would be sufficient "*if received*" by said Forse. In this the trial court erred. The defendant's instruction, as asked, was practically correct. This provision in the law of the order, relating to notice, was a part and parcel of the contract, and notice given in pursuance thereof, and in compliance therewith, was all that could be required. *Borgraefe v. Knights of Honor*, 22 Mo. App. 141 ; *Seibert v. Chosen Friends*, 23 Mo. App. 272. The text quoted from Bacon on Benefit Societies well states the rule in this character of cases: "Notice may be given in any way the by-laws may prescribe, for the parties may agree what shall or what shall not be notice. If the by-laws provide that notice may be given by mail it is sufficient to prove the mailing, and the failure of the notice to reach the assured by reason of its miscarriage in the mails will not excuse the non-payment of the assessment within the prescribed time. It is competent for the parties to agree what shall be notice, and it is enough to conform to the agreement as contained in the by-laws, as for example, that publication in a newspaper shall be notice." The contract between Forse and the Knights of Honor has stipulated that such notice of assessment shall either be delivered to the member, or "*shall be deposited in the mails by the reporter*, directed to the member at his last or usual place of residence or business." It is admitted that St. Joseph, Missouri, was the then residence and place of business of said Forse, and hence if the reporter of said subordinate lodge made out the notice and deposited the same in

the mail directed to Forse at St. Joseph, it was all the notice he was entitled to under his contract, whether it was in fact received or not.

It may be that parties do not always receive mail notices, and that by reason thereof rights of property may be affected without their knowledge of such demands; still the courts cannot, in such cases, give relief when the parties have themselves stipulated for the manner of notice, and the forfeiture resulting from non-compliance therewith. We have been unable to find any case wherein a different doctrine is announced. The cases cited by plaintiff's counsel (50 Mich. 273, and 8 S. W. Rep. 516) do not, in spirit, controvert the holding of the foregoing cases. Indeed, it is there admitted that the notice required by the contract between the parties must be given. In these cases from Michigan and Texas the courts held that the contracts there under consideration provided a notice to be served by *delivery to the assured*. The courts only concern themselves in determining what manner of notice the parties *have contracted for*, and they then uniformly hold that such, and *none other*, need be given. As for example, in *Seibert v. Chosen Friends, supra*, it was sought to be shown at the trial that the assured *had actual knowledge* of the assessment, and yet the St. Louis Court of Appeals decided this knowledge was not sufficient, that the notice agreed upon by the contracting parties was the notice, and the only notice, that could place the assured in default.

III. Since then this cause must be remanded for a new trial we will remark, in answer to the earnest contention of defendant's counsel, that we regard the rule laid down by the St. Louis Court of Appeals (*Mulroy v. Knights of Honor*, 28 Mo. App. 467), to the effect that the benefit certificate is proof of good standing of the assured at the date of its issue, and that the production of such certificate by the plaintiff at the trial makes a *prima facie* case for the plaintiff on that issue, as the

settled law of the land, and we have no disposition whatever to question its correctness. It has its support in the elementary doctrine that a status once established is presumed to continue until the contrary is made to appear.

The judgment of the circuit court will be reversed and the cause remanded for a new trial. All concur.

*Rehearing denied, May 12, 1890.*