## SURVICK

### v.

### VALLEY MUT. LIFE ASS'N et al.

*(Supreme Court of Appeals of Virginia, Oct. 3, 1895.)*

[23 S. E. Rep. 223.]

**Mutual Insurance—Notice of Assessments.***

Where the by-laws of a mutual insurance company provide that failure to pay assessments within 30 days from date of mailing notice of same to his address forfeits the policy, such a failure to pay is fatal, where a notice is sent, but never received by the assured.

**Same—Same—Limitations in By-Laws.**

A limitation of six months, in the by-laws of a mutual insurance company, within which an assessment may be questioned, is valid.

Appeal from hustings court of Staunton; Charles Grattan, Judge.

Bill by George W. Survick against the Valley Mutual Life Association and another. From the decree rendered, plaintiff appeals. Affirmed.

*Alexander & Tebbs,* for appellant.

*Elder & Elder* and *Geo. M. Cochran,* for appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to compel the Valley Mutual

---

*See monographic note on "Insurance, Life and Accident" appended to McLean v. Piedmont, etc., Life Ins. Co., 29 Gratt. 361 (Va. Rep. Anno.).

Life Association, one of the appellees, to reinstate a policy of insurance upon the life of William Lowe, the other appellee, which the defendant company had declared forfeited, and to . restore the insured to all his rights as a member of that company ; to declare that the mortality assessment No. 81, for the nonpayment of which the policy had been declared forfeited, was not due, and had been illegally exacted from the complainant (who, by assignment, claimed to be beneficiary of said policy) ; that the defendant company be required to repay him the amount of former assessments illegally exacted from him for the creation of a fund for the benefit of the stockholders, in violation of the premiums of the charter and by-laws of the defendant company ; and that the defendant company be required to settle its account before a commissioner of the court, and to disclose its accumulations and assets, what sums of money, if any, had been recently distributed to its stockholders, the necessity of the assessment No. 81, and of prior assessments, to restore to him all money that had been illegally collected from him ; and for general relief.

The first ground upon which the complainant based his right to have the policy reinstated was that he had received no notice that the assessment No. 81 had been made, for the nonpayment of which the policy had been forfeited by the company, and that without such notice there could be no forfeiture.

Article 17 of the by-laws of the defendant company provided that any member failing to pay his pro rata assessments within 30 days from notification in person, or from date of mailing same to his address, shall forfeit all right, title, and interest in the association, together with the amounts which had been previously paid.

By the terms of the policy itself, it is expressly provided that "the contract between the parties [insurer and insured] hereto is completely set forth in this certificate of membership, the application therefor, and by-laws and regulations of the association, taken together." While the evidence in this case

shows that the complainant did not receive notice of assessment No. 81, it also shows that notice of such assessment was mailed to him as provided for in his contract.

Parties have the right to agree what notice shall be given of assessments, and, if their agreement be that notice may be given by mail, it is sufficient to prove the mailing ; and its failure to reach the assured by reason of its miscarriage in the mail will not excuse the nonpayment of the assessment within the time prescribed. Bac. Ben. Soc. § 381 ; 2 May, Ins. § 562. The assignment of the policy to the complainant with the consent of the defendant company placed him in the same condition and position with respect to all rights and liabilities under it that the insured had before the transfer. Bac. Ben. Soc. § 300. The complainant, being the assignee of the policy, and responsible for the assessments made, was the proper party to be notified of such assessments.

The proof does not show that the practice of the company and its course of dealings with the complainant and others known to him were such as to induce a belief that so much of his contract as provided for a forfeiture for the nonpayment of an assessment would not be insisted on by the company.

Under the terms of the contract between the parties, the defendant company had the right to declare the policy forfeited, unless the contention of the complainant can be sustained that assessment No. 81 was levied in violation of the charter and by-laws of the company.

By article 18 of the by-laws it is provided that no question shall be raised as to the right to make, or the necessity of making, any mortality of assessment, made under any certificate of membership, except in the lifetime of the member or within six months from the time when it was made, and not then unless said assessment shall have been paid within 30 days from notice in person, or from date of mailing notice to the address of the member.

Assessment No. 81 was made in May, 1891. No question

was raised as to the right of the defendant company to make such assessment, or the necessity for making it, until this suit was instituted, in January, 1892, more than six months afterwards.   The time within which this question could be raised having elapsed, and the conditions upon which it could be made not having been complied with, when this suit was instituted, the complainant was concluded from making it.   Easley v. Association (Va.) 21 S. E., at page 236.   But, if he had not been barred of the right to make the question when he did make it, there is no proof that the assessment was not right and necessary.

Under the facts and circumstances of this case, a court of equity, much as it dislikes forfeitures, has no power to set aside the forfeiture complained of, and restore complainant to his former rights in the defendant company.   Klein v. Insurance Co., 104 U. S. 88.

The claim in the bill that the defendant company had, by illegal assessments, accumulated a large surplus for the benefit of its stockholders, and in violation of the rights of the policyholders, being denied in the answer and wholly unsupported by the proof, the complainant had no right to the account prayed for, nor to the relief based upon it.

It is unnecessary to pass upon the question raised by the demurrer as to the misjoinder of parties and the misjoinder of causes of action, as the decree of the court in dismissing the bill upon the merits was plainly right.

There is no error in the decree complained of, and it must be affirmed.