GRAND LODGE OF KNIGHTS OF PYTHIAS *v.* WHITEHEAD.

Opinion delivered July 6, 1908.

BENEFIT INSURANCE—STANDING OF MEMBER—BURDEN OF PROOF.—A certificate issued to a member of a benefit society is evidence that the member is in good standing, and such good standing is presumed to continue until there is proof that it no longer exists; and the burden of establishing that the member is not in good standing, relied upon as a defense, must be assumed by the society.

Appeal from Dallas Circuit Court; *Henry W. Wells,* Judge; affirmed.

*Taylor & Jones,* for appellant.

The burden was on the plaintiff to show that deceased was in good standing at the time of his death. 23 Mo. App. 268: 72 Ark. 47.

*T. B. Morton,* for appellee.

1. Provisos in a policy of insurance are stipulations added to the principal contract to avoid the promise of the insurer, by way of defeasance or excuse; and in an action thereon it is incumbent on the insurer to allege them in defense and support them by evidence. 25 Cyc. 927; 4 L. R. A. (N. S.) 636, 638.

2. A *prima facie* case was made when the policy of insurance was introduced, and the death of the insured and the appointment and qualification of his administrator were proved and admitted, and the burden of proof then shifted to the defendant. 25 Cyc. 925.

3. The policy itself was proof that deceased was in good standing at the time it was issued, and he must be presumed to have remained in good standing until that presumption is overcome by proof. 98 Am. St. Rep. 225; 29 *Id.* 318; 9 *Id.* 795; 16 Cyc. 1052; 48 Ark 551; 25 Ark. 458.

4. Where a *prima facie* case is made by the plaintiff's evidence, and the defendant offers no evidence at all, it is not error to give a peremptory instruction. 57 Ark. 461; 71 Ark. 445.

5. Where in an action brought on an insurance policy, valid on its face, the insurer seeks to avoid it on the ground of violation of its terms, the burden of proof is on the insurer to show such violation. 99 Am. St. Rep. 137; 80 Ark. 190:

65 Ark. 261; 82 Ark. 214. "The party whose contention requires proof of a negative fact has the burden of evidence to prove that fact." 12 Am. St. Rep. 453; 45 Ark. 295; 64 Ark. 620.

6. Deceased's standing as shown by the Grand Lodge records was a fact peculiarly within appellant's knowledge, and the burden was on it to prove the facts shown by these records. 16 Cyc. 936; 65 Ark. 261; 51 Ark. 447; 39 Ark. 209; 35 Ark. 430; 82 Am. St. Rep. 374; 78 *Id.* 685; 52 *Id.* 538.

HILL, C. J. This is an action by C. W. Whitehead, as administrator of the estate of O. D. Wright, deceased, against the "Grand Lodge of the State of Arkansas, Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia," to recover upon an endowment policy issued to the said O. D. Wright. It is alleged that O. D. Wright died on the 27th of December, 1906, and Whitehead was, on the 15th of April, 1907, appointed administrator of his estate by the probate court of Dallas County, and duly qualified as such; and that O. D. Wright was, on the 27th of October, 1905, a member in good standing of Sprig of Myrtle Lodge No. 30, of Fordyce, one of defendant's subordinate lodges, and as such member was entitled to take out an endowment policy of the defendant benefit society; and that the defendant on said day issued to him its endowment policy by which it agreed to pay an endowment of $300 at the death of said Wright to his personal representative; and that the defendant had been duly notified and refused to make payment of said $300 as promised and agreed in the policy.

The answer admitted the death of Wright, and, *sub silentio,* that he was in good standing when the policy was issued to him, and that the defendant had been duly notified of his death; and alleged that it was not indebted to the administrator on account of said policy because it contained a stipulation reading as follows: "Provided, that the said Knight is in good standing in his Lodge at the time of his death, and the records of the said Grand Lodge sustain that fact;" that the said Wright was not in good standing in said Lodge at the time of his death, and that the records of said Grand Lodge do not sustain the fact of such good standing.

Upon the trial the policy was introduced in evidence,

and it was admitted that Wright had died, and that Whitehead had been appointed and qualified as administrator of his estate before the bringing of this suit. No other evidence was introduced, and the court directed the jury to return a verdict for the plaintiff, which was done, and from the judgment entered thereupon the benefit society appealed. ·

The court was right in directing a verdict for the plaintiff in this state of the evidence. A certificate issued to a member of a benefit society is evidence that the member is in good standing, and such good standing is presumed to continue until there is proof that it no longer exists; and the burden of establishing that the member is not in good standing must be assumed by the association. *Royal Circle* v. *Achterrath,* 204 Ill. 549, s. c. 98 Am. St. Rep. 224; *Ind. Order Foresters* v. *Zak,* 29 Am. St. Rep. 318; *Siebert* v. *Sup. Council,* 23 Mo. App. 268; 25 Cyc. 925, subdiv. (g).

It will be seen from the foregoing statement of facts that, either by failure to deny allegations of the complaint or positive admission, all the facts necessary to a recovery were shown except the fact that the member was in good standing at the time of his death as shown by the books of the Grand Lodge; and, under the authorities above cited, the burden of proof as to this matter rested upon the defendant, as, good standing once being shown, there was a presumption of its continuance. No other questions arising in the case, the judgment is affirmed.