BYERS *v.* MOORE.

Opinion delivered December 15, 1913.

1. LANDLORD AND TENANT—UNLAWFUL EVICTION—MEASURE OF DAMAGES. —Where a tenant is unlawfully evicted from the premises by the landlord, he may recover as damages whatever loss results to him as a direct and natural consequence of the wrongful act of the landlord. Where the rental value of the premises is greater than the tenant agreed to pay, he may recover the excess, and also any other loss directly caused by the eviction, such as the expense of removing to another place. (Page 508.)

2. LANDLORD AND TENANT—UNLAWFUL EVICTION—DAMAGES.—Where a tenant is unlawfully evicted by the landlord, he can not recover from the landlord expenses incurred in moving into the building. (Page 508)

3. LANDLORD AND TENANT—UNLAWFUL EVICTION—DAMAGES—REPAIRS.— Where a tenant is unlawfully evicted by the landlord before the expiration of the lease, he may recover the money expended by him in the repair of the building and fixtures, which would have enabled him to occupy it more profitably; and this would be true, even though the repairs were not of value to the landlord. (Page 509.)

4. LANDLORD AND TENANT—UNLAWFUL EVICTION—REPAIRS—DAMAGES.— Where a tenant is unlawfully evicted by the landlord, he may recover damages for whatever loss results to him as a natural consequence of the unlawful eviction, and where the tenant had installed certain fixtures in the demised premises, he may recover their value only if the repair or improvement could be used only on the demised premises, but if they had a usable value elsewhere, the tenant can not recover. (Page 509.)

5. LANDLORD AND TENANT—WRONGFUL EVICTION—EXPENSE OF REMOVAL.— Where a tenant is wrongfully evicted, and sought to recover ex-

penses incurred by him in moving into the demised premises; *held*, if the tenant was moving anyhow, regardless of his contract with this landlord, then there can be no recovery unless the removal made in accordance with the contract was more expensive than the one which would otherwise have been made, in which event this excess of cost may be recovered. But if the tenant incurs the expense of a removal which would not have been made, except to perform the contract of tenancy, then the cost of moving into the building, as well as that of removing therefrom, may be recovered. (Page 510.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellant was plaintiff below and alleged in her complaint that she was the owner of and entitled to the immediate possession of the store building occupied by the defendant and used by him as a restaurant in the city of Brinkley. She further alleged that on or about October 1, 1910, the defendant rented or leased said building for a period of one month for the sum of thirty dollars, and on or about the 3d day of November, 1910, the defendant advised appellant's husband, who was her agent, that he would not retain the building for a longer period than one month and she thereupon leased said building to other parties, agreeing to deliver the possession on the 1st of January, 1911, and that she had made lawful demand of the defendant to vacate said building, but he refused, and still refuses, to deliver same over to her. She prayed damages in the sum of $200 for the unlawful detention and for the costs of the action. A writ of possession was issued and appellee was evicted.

Appellee answered and alleged the facts to be that on or about October 1, 1910, he leased the building described in the complaint, to be used as a restaurant, and the terms of the agreement were that he should occupy the building as long as he desired, and for not less than a year, as a restaurant, and should pay therefor $30 per month, said sum to be paid monthly. That pursuant to said agreement he took possession of said building and spent considerable money, and much time, in making re-

pairs and purchasing furniture, cooking utensils, dishes, and other property for the purpose of engaging in the restaurant business, and made a cash payment on these purchases and agreed to pay the remainder in monthly installments. His answer and cross complaint contained an itemized statement of the damages which he alleged he should recover.

Appellant filed a motion to strike out certain portions of the answer and cross complaint, which motion was sustained by the court with leave to amend. Appellee amended his answer and cross complaint and appellant filed a second motion to strike certain items from the answer and cross complaint, which last motion was overruled, and exceptions were saved by both parties. The damages which appellee alleged in his amended answer and cross complaint he should recover were stated as follows:

1. Purchasing the furniture, cooking utensils, etc. ........................................................................$150.00
2. Making three trips to Little Rock, total expenses ........................................................ 15.00
3. Making two trips to Pine Bluff............................ 8.00
4. Expenses of B. Worden to Little Rock............ 20.00
5. Printing cards and meal tickets........................ 7.00
6. Ten days' actual time defendant spent seeing railroad men to get them to sign up tickets and eat at his restaurant, seeing them in Little Rock and Pine Bluff, at $3.60 ........................................................ 36.00
7. Fare paid for help to come to Brinkley............ 7.60
8. Two carpenters for two days' work each, at $2.50 ........................................................ 10.00
9. Putting in vent-head on stove............................ 41.00
10. Painting counters, etc.......................................... 5.00
11. Putting down linoleum by defendant................ 21.00
12. Extra new dishes purchased.............................. 4.50
13. Other cooking utensils bought new................... 4.00
14. Lumber bill for repairs and addition............... 9.00

| | |
|---|---:|
| 15.   Actual expense in removing restaurant | 45.00 |
| 16.   Extra expense in putting in partition | 16.00 |
| Total | $398.00 |

The evidence is in irreconcilable conflict as to what the terms of the contract were, but the jury found in favor of appellee and assessed his damages at the sum of $100.

The evidence upon the part of appellee was to the effect that he was engaged in the restaurant business in the city of Brinkley, having bought out a restaurant at the time he entered that business, but that he desired to rent appellant's place because the location was more favorable, yet he was unwilling to change his location and incur the expenses incident thereto, except upon the condition that he should have appellant's building for at least one year, and he says this was the contract he made, and that, relying upon it, he made the repairs and incurred the expenses shown in his itemized statement.

At appellee's request, and over appellant's objection, the court gave to the jury instruction No. 3, which reads as follows:

"If you find that the defendant was, at the institution of this action, entitled to the possession of the premises under the instructions of the court, then he is entitled to such damages as he has shown to be due him under the proof by reason of his being dispossessed by plaintiff, and in measuring the damages, you have a right, and it is your duty, to take into consideration the amount which defendant has lost as a direct result of his being dispossessed, that is, the amount which he paid out for property to be used in connection with his business as a restaurant, also any amount, if the same has been proved to be due him for expenses in repairing the building and moving therein, if any."

*Thomas & Lee,* for appellant.

For an unlawful eviction, a tenant is entitled to recover as damages whatever loss results to him as a di-

rect and natural consequence of the landlord's wrongful act. 76 Ark. 468.

The plaintiff was not liable for the furniture purchased, repairs made, and traveling expenses made by the defendant, prior to the eviction, as such expenses, repairs and purchase of property did not result from the eviction.

The plaintiff was not liable to defendant for his expenses in moving into the building, for it was not a natural consequence or result of the eviction.

There was no contract between appellant and appellee for repairs. Hence appellant was not liable. 95 Ark. 135; 1 Taylor's Landlord and Tenant (9 ed.), § § 327, 328; 72 Ark. 405; 51 Ark. 46; 63 Ark. 430.

Instruction No. 3, given by the court for the defendant, was clearly wrong, not being the rule as to the measure of damages in unlawful detainer suit.

*C. F. Greenlee,* for appellee.

The appellee was entitled to recover damages for all loss resulting to him as the direct and natural consequences of the appellant's wrongful act. 76 Ark. 468; 56 Ark. 603; 103 Ark. 584.

SMITH, J., (after stating the facts). The items numbered 2, 3, 4, 6 and 7, are not recoverable, because they are too remote, and the items numbered 1, 12 and 13 are not recoverable because their value was not affected by appellee's eviction. Damages on the remaining items were recoverable, except as hereafter stated, if the jury accepted appellee's statement of the fact that these expenditures were a loss to him after his eviction.

The measure of damages in such cases is stated in the opinion in the case of *McElvaney* v. *Smith,* 76 Ark. 468, where, in an opinion delivered by Mr. Justice RIDDICK, it was said: "When a landlord unlawfully evicts a tenant from the premises, the tenant is entitled to recover as damages whatever loss results to him as a direct and natural consequence of the wrongful act of the landlord. If the rental value of the place from which he is

evicted is greater than the price he agrees to pay, he may recover this excess, and in addition thereto, any other loss directly caused by the eviction, such as the expenses of removing to another place.''

Item No. 15 is not recoverable, because the proof shows it was an expense incurred in removing into the building, and no part of it was incurred in removing therefrom.

It is conceded that appellee made certain repairs in the building without having procured authority from appellant to do so, and without any promise on her part to pay therefor, and appellant therefore insists that the court was in error in submitting those items to the jury. It is true, as stated in the case of *Delaney* v. *Jackson,* 95 Ark. 131, that: ''Unless a landlord agrees with his tenant to repair leased premises, he can not, in the absence of statute, be compelled to do so, and can not be held liable for repairs.'' But that principle does not apply here. Having made these repairs for his own use and without appellant's promise to pay for them, he would have had no right to recover their cost, had he voluntarily surrendered the premises; neither would he have been entitled to their cost under these circumstances had he been permitted to occupy the building until the expiration of his term. But appellee did not voluntarily surrender the premises, and he was not permitted to retain possession until the expiration of his lease. If, therefore, appellee expended money in the repair of the building and the fixtures which would have enabled him to occupy it more profitably, and he was unlawfully deprived of its use, he would be entitled to recover the money thus expended, and this would be true even though those repairs were not of value to the landlord. The application of the principle which we have announced to the proof in regard to item 9, and possibly other items, will determine whether appellee should be given these credits or not. The damage should cover whatever loss results as a natural consequence of the wrongful eviction. If putting in the vent-head on the stove was a repair or im-

provement which could be used only in the demised premises, the appellee would be entitled to its cost, but if it had a usable value elsewhere, then appellee would not be entitled to include that value in his recovery. So with the linoleum which appellee said he had cut to fit his floor.

Appellee was permitted to introduce proof in support of all the items set up in his cross complaint, and which aggregates $398, and there is nothing in the record to indicate what items were allowed by the jury. Under instruction No. 3, given by the court, and the proof of the items set out above, the jury might have found that all the items there set up, which were established by the proof, were to be regarded by them as a direct result of appellee's being dispossessed, and this instruction also allowed the jury to find for appellee the expenses incurred by him in moving into the building, when only the expense of removal therefrom was recoverable.

The instruction was therefore erroneous and prejudicial and the judgment must be reversed, and it is so ordered.

SMITH, J., (on rehearing). Attention is called in the petition for rehearing to the appellee's proof that certain expenses were incurred in the preparation to occupy the building in question which would not have been otherwise incurred, and on this theory it is said we are in error in distinguishing between the expense of removing into and the expense of removing out of the building. The expense of removing from a building is always a recoverable element of damages, while the expense of removing into a building may, or may not, be, according to the circumstances under which the move is made. If the tenant is moving anyhow, regardless of the contract of tenancy then there can be no recovery of that expense, unless the removal made in accordance with the contract is more expensive than the one which would otherwise have been made, in which event this excess of cost may be recovered. But if the tenant incurs the expense of a removal which would not have been made, except to perform the contract of tenancy, then the cost

of removing into the building as well as that of removing therefrom may be recovered, in case of a wrongful eviction. The rule here announced will determine upon the trial anew whether appellee shall recover the item of expense of removing into the building.

It is also urged that appellee should be given the option of accepting judgment here for such of the items as the undisputed proof shows he was entitled to recover. Of all the items sued for we can only say that items 8, 10 and 14 could be thus classified, but at his option appellee may have judgment here for these items amounting to $24, if he shall so elect within fifteen days from this day, in which event he will have judgment for that amount and all costs of this suit, except the costs on this appeal. Otherwise the judgment will be reversed and the cause remanded for a new trial.