## FRANKS *v.* ROGERS.

### Opinion delivered December 4, 1922.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where there was a conflict in the testimony on all issues, and sufficient testimony to support the jury's finding, all issues of fact will on appeal be treated as settled in favor of the prevailing party.

2. WITNESSES—WIFE TESTIFYING FOR HUSBAND.—Where a wife acted as agent for her husband, her testimony relating to matters within the scope of her agency is competent, under Crawford & Moses' Dig., § 4146, subdiv. 2.

3. LANDLORD AND TENANT—BREACH—DAMAGES.—On a breach by a landlord of the contract of lease, the tenant may recover as damages the expense of moving on and off the premises.

4. APPEAL AND ERROR—HARMLESS ERROR.—Where a tenant claimed damages for an eviction constituting a breach of contract by the landlord, the error of instructing the jury that the tenant could not recover "for the expenses of moving on or off the place" was harmless where the only evidence of such expenses was a general statement of the tenant that it cost him so much to get over there and to get away; such statement being a mere conclusion of the witness.

5. APPEAL AND ERROR—HARMLESS ERROR.—Where, in an action against a tenant for the balance of the rental of land and for damages to the property, the tenant counterclaimed damages

for money paid to a third person for possession of part of the land, an instruction denying defendant's right to recover there·for was harmless where defendant failed to prove such damages.

6. LANDLORD AND TENANT—BREACH OF AGREEMENT TO REPAIR.—If a landlord breach his contract to repair or to make improvements, the tenant may treat the relation as at an end, or may himself do what his landlord fails to do, charging it against the landlord; but if he remains in possession under his original contract, he waives the breach, and he cannot remain in possession and refuse to pay rent.

7. LANDLORD AND TENANT—PARTIAL EVICTION—REDUCTION OF RENT.— Where, in an action by a landlord to recover rent, there was testimony tending to prove that the landlord rented 40 acres of land but delivered only 20, the other 20 acres belonging to a third party, an instruction that the tenant waived the discrepancy in acreage by continuing in possession after ascertaining the deficiency was erroneous; the failure to deliver the other 20 acres entitling the tenant to a reduction in the rent.

Appeal from Pulaski Circuit Court, Third Division; *A. F. House*, Judge; reversed.

*Isgrig & Dillon*, for appellant.

The fundamental rule of damages is that all loss to one party directly traceable to the wrongful acts of another, is chargeable to him as damages. 149 Ark. 448; 233 S. W. 694. The cost of moving to and from the place was a proper element of damage. 76 Ark. 468; 110 Ark. 504; 5 L. R. A. (N. S.) 855; note 5 Ann. Cases, 460. There was an unlawful eviction by the appellee. 103 Ark. 318. The court erred in giving plaintiff's instruction No. 9. 53 So. 912. It was misleading. 39 Ark. 344. A lessee who remains in possession notwithstanding the landlord's breach of covenant to repair is not relieved from his liability for rent, 96 Ark. 78, but is entitled only to a claim for damages for such breach. 96 Ark. 78; note 34 L. R. A. (N. S.) 977. Instruction number five is erroneous. 42 Ark. 257; 102 Ark. 109.

Where a tenant is evicted by a stranger under a paramount title, the rent will be apportioned, and the landlord permitted to recover a proportionate rent for the part retained by the tenant. 96 Pac. 642; 16 R. C. L.

955; 41 L. R. A. (N. S.) 430; 36 Ark. 316. The court erred in permitting the wife of appellee to testify. C. & M. Digest, § 4146; 71 Ark. 192; 77 Ark. 431.

McCULLOCH, C. J. The plaintiff, E. M. Rogers, owned a small farm in Pulaski County, with twenty acres in cultivation, and a dwelling house and other improvements thereon, and in the year 1919 he rented it to defendant, R. A. Franks, for a term of three years at the annual rental of two hundred dollars. The defendant occupied the premises for a little over a year, and then a controversy arose between the parties, as a result of which the defendant removed from the premises.

There is a conflict in the testimony as to the terms of the rental contract, which was oral, and there was also a controversy as to who broke the contract. The statute of frauds is not pleaded, and no question arises concerning that matter. It is agreed however that, according to the terms of the contract, two hundred dollars was the annual rental price.

Plaintiff contends that the defendant was to make certain improvements on the place, as well as to pay the stipulated money rent, and that defendant removed from the premises without making the improvements.

Plaintiff also alleges that the defendant negligently permitted cattle to destroy a strawberry patch, two acres in size, and some fruit trees, and that there was injury to the property as a result of such negligence in the sum of $489.74.

This action was instituted to recover the sum of $283.30, as the rental for the time the premises were actually occupied by the defendant, and the additional sum named above as damages for the negligence of defendant in permitting the stock to destroy the berry patch and trees.

Plaintiff's brother owned an adjoining farm with twenty acres in cultivation, there being no fence between the two places, and the contention of defendant is that plaintiff represented to him that he owned forty acres of

land in cultivation, and that he (defendant) did not ascertain, until after he had moved on the premises, that twenty acres of the cultivated land was owned by plaintiff's brother and did not pass under the lease.

Defendant also contends that plaintiff agreed to make certain improvements, and that he (defendant) advanced to plaintiff the sum of $157 in money to expend in said improvements, and he also contends that he was damaged in the sum of $300 by being ejected from the premises by plaintiff. Defendant filed a cross-complaint, in which he prayed for recovery of said sum of $300 damages and for said sum of $157, return of the money advanced.

There was a trial of the issues before a jury, and the verdict was in favor of the plaintiff for the recovery of $100.

There was a conflict in the testimony upon all the issues; and, since there was sufficient testimony to support the finding of the jury, we must treat all of the issues of fact as being settled in favor of plaintiff.

The first ground urged for reversal is that the court erred in permitting plaintiff's wife to testify. The testimony of the witness shows, however, that the wife was acting as the agent of her husband, and her testimony was confined to such matters as fell within the scope of her agency, and this renders her testimony competent. Crawford & Moses' Digest, § 4146, subdivision 3.

Errors are assigned in the giving of four of the instructions.

In the first of the ones objected to, the court told the jury that the defendant could not recover "for expenses of moving on or off the place." This instruction was erroneous (*McElvaney v. Smith,* 76 Ark. 468; *Byers v. Moore,* 110 Ark. 504), but it was not prejudicial, for the defendant did not prove any legitimate expenses which could be properly charged up as damages. He testified in general terms that it cost him "four hundred dollars to get over there and to get away," but he failed

to state what the items of expense related to. In order to justify an award of damages for this item, defendant should have proved what he paid out the expenses for, and his general statement as to what it cost him to move to the place and away from it is, in effect, the statement of a conclusion. There was no prejudice therefore in the court giving this instruction, inasmuch as the jury would not have been warranted in allowing defendant anything on this feature of the case.

Another instruction objected to was one which told the jury that defendant could not claim the return of money paid to a tenant for possession of a portion of the place. This instruction would be erroneous under a proper state of facts, which showed that it was essential to obtain the removal of other tenants on the premises, and that the lessee was damaged to the extent of the sums paid by reason of the failure of the lessor to deliver possession. The only item on this subject is the payment of five dollars to another tenant for his potatoes on the land, but the testimony is not sufficient to show that defendant was damaged, even to that extent, in failing to get possession of the small portion of the land covered by the potato patch. It devolved upon the defendant to prove his damages, and he failed to show that he was damaged to the extent of the sum paid by failing to get possession of this small portion of the premises, and therefore failed to show prejudice in the giving of this instruction.

The giving of the following instruction was assigned as error:

"If the landlord breaches his contract to repair or make improvements, the tenant may treat the relations at an end, or may do himself what his landlord fails to do, charging it against the landlord, but, if he remains in possession under his original contract, he waives the breach."

We think that this instruction was a correct statement of the law, for the retention of the premises con-

stituted a waiver of the breach of the contract. A tenant is, however, as stated in this instruction, entitled to make repairs which the lessor agreed to do but failed to do, and charge the cost against the lessor. He cannot, however, remain in possession and refuse to pay rent. *Young* v. *Berman,* 96 Ark. 78.

The next and last of the instructions which were objected to as erroneous reads as follows:

"Although you may find from the evidence that defendant contracted for forty acres, and afterwards ascertained that there were but twenty, but continued his tenancy under the terms of the contract, he thereby waived any discrepancy in acreage."

We are of the opinion that this instruction was an incorrect statement of the law, and that it may have been prejudicial to the rights of the defendant. There was testimony tending to show that plaintiff failed to deliver twenty acres of land, which, according to his representations, fell within the terms of the contract. Defendant testified to this effect, and said that he did not find out that the other twenty acres were owned and occupied by plaintiff's brother until after he had moved on the premises. Defendant did not waive the discrepancy in the amount of land covered by the contract merely by remaining in possession; he had the right to hold the premises and claim a reduction of the rent to the extent of the breach in the contract. The failure to deliver the other twenty acres of land was tantamount to an eviction of the tenant under paramount title, and the tenant was therefore entitled to a reduction of the rent to the extent of that portion of the premises to which he was denied possession. We cannot tell what effect this instruction had in inducing the verdict of the jury. It appears from the verdict that the jury allowed the full amount of the rent, but charged the plaintiff with the amount of the advances made by defendant for improvements. The jury might have, on the strength of this

instruction, refused to allow defendant a reduction in the rent, and in that way the instruction was prejudicial.

For this error the judgment must be reversed, and the cause remanded for a new trial.

It is so ordered.