BISH *v.* WOODS.

Opinion delivered February 11, 1924.

1. MALICIOUS PROSECUTION—ADVICE OF COUNSEL AS DEFENSE.—Where defendant told his attorneys that his tenants, the plaintiffs, had sold cotton belonging to him and indorsed his name with theirs to the checks received in payment, and prosecuted them for forgery on the advice of such attorneys, his failure to tell the attorneys that plaintiffs had deposited defendant's share of the proceeds to his account negatived the defense, in an action for malicious presecution, that he had acted on the advice of counsel.

2. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where appellant failed to set out in his abstract all the instructions given and refused, the case will not be reversed for failure to give requested instructions.

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Defendant's objection that in entering judgment against him the court disregarded verdicts in his favor on counterclaims could not be first raised on appeal.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy*, Judge; affirmed.

*R. A. Nelson*, for appellant.

*T. J. Crowder*, for appellee.

HUMPHREYS, J. In stating this case the court will adopt the statement in the main furnished by learned counsel for appellant, making only slight changes therein and a few additions thereto.

During the year 1922 the appellees, Luther Owens and Clyde Woods, made share crops on the land of appellant. O. M. Bish. Some time in November, 1922, each tenant took his last bale of cotton to Manila. Arkansas, and sold it, receiving each two checks, made payable,

respectively, two to Wood & Bish and two to Owens & Bish, the checks being for the cotton and rebate upon the seed. Each tenant owed the landlord a balance for the money and supplies furnished them for making and gathering their crops. Woods owed $13.25, and Owens owed $12.30. Each of the above accounts were due the appellant, in addition to his half of the crop.

Woods and Owens each cashed the two checks received for their last load of cotton and rebate upon seed, by indorsing upon the back of each check the names "Wood & Bish" and "Owens & Bish," and each left in the Bank of Manila the half of each check belonging to Mr. Bish as landlord, but neither left the money in the bank nor paid to Mr. Bish the balance they owed him for the money and supplies. Mr. Bish denied that his half of the money was placed in the bank to his credit, or that he had any information that it was. Testimony was introduced by appellees tending to show that the bank immediately notified Mr. Bish that one-half of the amount had been placed to his credit, and that, before the prosecutions were begun, he was notified in person by a bank official of that fact. On November 14, 1922, John T. Batten, the regular deputy prosecuting attorney for the Chickasawba District of Mississippi County, filed information against Clyde Woods and Luther Owens, charging each of them with having committed a felony by forging the name "Bish" to the check, with the felonious intent to cheat and defraud said Bish out of the value of one-half of said checks. Upon the information filed by the deputy prosecuting attorney, warrants of arrest were issued by Ed Walker, justice of the peace, the appellees arrested, arraigned before the justice of the peace, and on November 23, 1922, each was dismissed.

On December 23, 1922, each filed a suit against O. M. Bish, asking damages in the sum of $5,000 each for malicious prosecution, alleging that Mr. Bish wilfully, maliciously and without probable cause procured and

caused their prosecution upon the information filed by the prosecuting attorney.

To each of the complaints the defendant filed his answer, denying that he wilfully, maliciously and without probable cause procured or caused the arrest or prosecution of the appellees, and offered the additional defense that he acted upon advice of counsel learned in the law, after laying all of the material facts before him. He also filed a cross-complaint, asking a judgment against appellees for the amount due him for money and supplies furnished.

On January 24, 1923, the causes being consolidated No. 1955, were submitted to a jury, upon the testimony of witnesses, instructions of the court and argument of counsel, which resulted in the following verdicts, to-wit: "We, the jury, find for the plaintiff, Clyde Woods, in the sum of one hundred dollars. R. L. Knight, foreman." "We, the jury, find for the plaintiff, Luther Owens, in the sum of one hundred dollars. R. L. Knight, foreman." "We, the jury, find for the defendant on his cross-complaint as against Woods in the sum of $13.25, with interest at ten per cent. from maturity. R. L. Knight, foreman." "We, the jury, find for the defendant on his cross-complaint as against Owens in the sum of $12.30. R. L. Knight, foreman."

Thereupon the court rendered separate judgments against the defendant for $100 each.

John T. Batten testified that he filed the affidavit and procured the warrants against appellees upon information received from appellant, to the effect that appellees had signed the checks without his authority, and had failed to pay him the one-half due for rent or the amount due for advances.

W. D. Gravette, an attorney from whom appellant sought advice, testified that he advised him that appellees were guilty of forgery, based upon the statement that they had signed checks without authority and had

deposited one-half the amount to his credit, but had failed to pay the advances he had made to them.

Appellant himself testified that he did not tell either Batten or Gravette that appellant had deposited one-half of the proceeds from the checks to his credit in the bank. He also testified that he never mentioned the matter to appellees, although they lived across the road from him.

Appellant contends for a reversal of the judgment upon the ground that he instituted the prosecution in good faith, under the advice of counsel, and for that reason was exempt from actions for malicious prosecution. In support of this contention he cites the case of *Price Mercantile Co.* v. *Cuilla,* 100 Ark. 316, and *Laster* v. *Bragg,* 107 Ark. 74, in which the following doctrine was announced: "When a party lays all the facts before counsel before beginning a prosecution, and acts *bona fide* upon the opinion given by such counsel, though that opinion is erroneous and unwarranted, he is not liable to an action for malicious prosecution." The answer to this contention is that the evidence did not show that appellant laid all the facts in his possession before the lawyers from whom he sought the advice he followed. The proof tended to show that he knew appellees had deposited one-half the proceeds of the checks to his credit, and he testified himself that he did not communicate this fact to either lawyer.

Appellant also contends for a reversal of the judgment because the court refused to give a number of instructions requested by him. He has failed to set out all the instructions given and refused in his abstract and brief, so we are unable to determine whether any material issue raised in the trial of the cause was not covered by correct instructions.

Appellant also contends for a reversal of the judgment because the undisputed facts conform to instruction No. 6, given by the court, and that the law as given, when applied to the undisputed facts, entitled him to a

verdict and judgment. Instruction No. 6 given by the court is as follows: "And in regard to this check, the court will further tell you that if, in consulting the attorneys about what crime had been committed, if any, by the plaintiffs in indorsing this check, if the defendant told the attorneys that this check had been written out in this way, payable to Wood & Bish, and the prosecuting attorney, or Mr. Gravette either one, advised the defendant that the signing or indorsing the check by Mr. Wood or Owens, under these circumstances, would be forgery, although in fact it was not forgery, still if the defendant was so advised by either one of these attorneys, that still would be a complete defense to this action."

This instruction was too favorable to appellant. It ignored the provision in the law requiring one to acquaint counsel from whom he seeks advice with all the facts in his possession before he can claim exemption from the action for malicious prosecution.

Lastly, appellant insists upon a reversal of the judgments because, in rendering them, no account was taken of the verdicts upon the counterclaim for advances. The judgments were entered without objection. The attention of the trial court should have been called to this fact at the time the judgments were rendered. This question cannot be raised upon appeal for the first time.

No error appearing, the judgments are affirmed.