NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.*
ROBINSON.

Opinion delivered February 17, 1930.

*Snodgress & Snodgress,* for appellant.
*Oscar Hunt Winn,* for appellee.

KIRBY, J. Appellant prosecutes this appeal from a judgment rendered in favor of appellee, beneficiary in a policy of insurance issued by it on the life of Tom Hunt, in the amount of $512.

It was alleged that the policy was issued on August 9, 1926, insuring the life of Tom Hunt, the amount of the policy, that all payments of premiums had been duly made, the death of the insured on December 14, 1926,

proof of loss, and a refusal to pay same by the company. A copy of the policy was exhibited with the complaint.

A demurrer to the complaint was overruled, and a motion to make more definite and certain was granted and complied with, and an answer was finally filed admitting the issuance of the policy, the payment of premiums and setting up a provision in the policy: ''No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health,'' with the allegation that the insured at the time the policy was issued was afflicted with dropsy, and abscess of the liver and had been so afflicted for a long period of time; that the company would not have issued the policy if it had known of his condition and because of it denied liability thereon.

The cause proceeded to trial, and the jury was instructed and a verdict rendered in favor of appellee for the face of the policy, penalty and attorney's fees. No abstract of the testimony of any but one witness for appellee is furnished the court nor any of the instructions given upon the trial except one No. 1. There are many assignments of error in the motion for a new trial, but it is only insisted for reversal that the court erred in admitting the testimony of the beneficiary to the effect that the policy sued on was issued by the company in lieu of its policy that had long been held and paid on by the insured, which had been destroyed in a fire that burned his home; and also in refusing to grant a continuance upon the introduction of such testimony and giving the instruction complained of relative thereto. No objection was made by appellant when the testimony was introduced about the issuance of the policy sued on as a substitute for or in lieu of the same kind of policy that had been held by the insured at the time of its destruction in the fire. Appellant's counsel cross-examined the witness exhaustively relative to this matter, and, as said, made no objection to its introduction until after appellee's evidence in chief was all introduced,

when he moved to exclude the testimony because of surprise and its incompetency, there being no allegation of the fact in the complaint, and asked a postponement or continuance of the case to give him an opportunity to meet this proof.

The action was necessarily based upon the policy issued and held at the time of the death of the insured, and the testimony tending to show that this policy was issued in lieu of or as a substitute for the other policy that had been held by the insured until its destruction by fire was competent, and, of course, if it was issued by the company in lieu of its valid policy held by the insured at the time of its destruction, there was no reason to say that it would not be valid, regardless of the provision that it created no obligation for the company unless the insured was alive and in sound health at the date of its issuance, since it only took the place of or evidenced the liability of the company under the valid contract of insurance that had been destroyed in the fire. In any event there was no attempt on the part of the insurer to show that it did not issue any such policies under the conditions disclosed by the evidence attempting to show its issuance of the substitute policy, except upon such conditions as new policies were issued. The court did not err in telling the jury that, if this policy was issued to restore the lost policy, it made no difference whether the deceased was in sound health or not when the last policy was issued. The burden of proof was upon the appellant company, having admitted the issuance of the policy sued on, to show its invalidity, and it has wholly failed to make an abstract of the testimony heard in the case, save that of the witness and the instruction given by the court, none other of which are complained of. The presumptions must necessarily all be in favor of the verdict, and the judgment will be affirmed. *Files* v. *Tebbs*, 101 Ark. 207, 142 S. W. 159.

We find no error in the record, and the judgment is accordingly affirmed.