JOHNS *v.* HUDSON.

Opinion delivered January 26, 1931.

1164

*W. D. Gravette,* for appellant.

*Reid, Evrard & Henderson,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was wrong. Where there has been a breach of agreement on the part of the landlord to make repairs, if the repairs are extensive and the cost excessive in comparison with the rent, the measure of the ten-

ant's damages is the diminution of the rental value of the property by reason of such nonrepair; but where the repairs are inexpensive as compared with the rent, the measure of the tenant's damages is the cost of making such repairs. *Young* v. *Berman,* 96 Ark. 78, 131 S. W. 62, 34 L. R. A. (N. S.) 977; and *Frank* v. *Rogers,* 156 Ark. 120, 245 S. W. 311.

According to the testimony of the plaintiffs, the cost of the repairs was small, and the plaintiffs repaired the roof whenever they were asked to do so by the defendant. The defendant did not claim that there was any serious damage to his goods on account of the defective roof. The defendant admitted the rental contract and that he had agreed to pay $125 per month as rent. He denied, however, that he made no complaint to the plaintiffs about the leaky condition of the roof. On the other hand, he testified that he made numerous complaints about the leaky condition of the roof. He stated that he kept the rent paid up until the first of January, 1928. According to his own testimony, he then made complaints about the leaky condition of the roof, and the plaintiffs told him if he was not satisfied to move out. He replied that he would do so, and stated that he did do so on the 22d day of February, which was as soon as he could obtain a suitable store building for his business. Under these circumstances, he was not entitled to any damages for the difference between the rental value of the premises in the condition resulting from the failure to repair the roof, and what their rental value would have been if the plaintiffs had repaired the roof properly. The defendant could not notify the plaintiffs that he was going to move on account of the failure of the latter to repair the roof and then continue to occupy the premises at a reduced rental. Therefore, in the application of the principles of law above announced, under his own testimony, the court erred in submitting to the jury the question of his right to recover damages on account of the diminished value of the premises by reason of the defective condition of the roof.

The instructions upon which the case was submitted to the jury are not included in appellant's abstract and brief; and, under our settled rules of practice, it will be considered that the jury found the amount of rent due the plaintiffs under proper instructions from the court. In the application of this familiar rule of practice, the court must also indulge the presumption that the right of the defendant to recover special damages to his goods on account of the failure of the plaintiffs to repair the leaky roof was submitted to the jury under proper instructions. This court has always held that upon appeal it will be considered that the instructions given by the court are correct unless the instructions are set out in the abstract and brief of appellant and proper exceptions saved to the giving of them. *Morris* v. *Raymond,* 132 Ark. 450, 201 S. W. 116; *Brown Bros. & Carnahan* v. *Smiley,* 158 Ark. 640, 244 S. W. 351; *Bish* v. *Woods,* 162 Ark. 463, 258 S. W. 352; and *National Life & Accident Ins. Co.* v. *Robinson,* 181 Ark. 1, 24 S. W. (2d) 878.

It will be noted that the jury made a specific finding of the amount of rent due the plaintiffs and of the measure of damages due the defendant on account of the diminished rental value of the premises, which we have held that the defendant was not entitled to recover under his own testimony. This error may be corrected without a reversal of the judgment. The error may be eliminated by rendering judgment here for the amount found to be due in favor of the plaintiffs for rent less the amount of special damages suffered by the defendant by reason of the rain which descended upon his goods and damaged them. The amount of the rent due the plaintiffs, as found by the jury, was $218.76, and the amount of special damages for the goods damaged due the defendant was $151.75. This leaves a balance in favor of the plaintiffs of $67.01, for which sum judgment will be entered here in favor of the plaintiffs, with interest at the rate of six per cent. per annum from February 1, 1928, which was the date when the last installment of

rent was due. The cost of the appeal will be adjudged against the defendant. It is so ordered.