SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* COLE.

4-4198

Opinion delivered March 2, 1936.

*T. L. McHaney* and *C. A. Cunningham,* for appellant.

*H. L. Methvin, Edward S. Maddox* and *Maddox & Greer,* for appellees.

JOHNSON, C. J. On January 2, 1934, the application of Anna Carmack for a juvenile certificate of insurance for the sum of $500 upon the life of her daughter, Nellie Glover, was received by Fred Blakemore, the resident agent of appellant, Sovereign Camp, Woodmen of the World, in the vicinity of Trumann, Arkansas. The monthly premium of thirty cents was paid in cash on the date of application. The application was immediately transmitted by Blakemore to appellant's home office, and on January 11, 1934, a juvenile certificate of insurance was duly issued as requested in the application and returned to Blakemore for delivery. On January 12, 1934, Blakemore in person delivered the certificate of insurance to Anna Carmack. On January 14, 1934, Nellie Glover died. On January 15, 1934, Anna Carmack assigned the certificate of insurance to Dollie Marie Cole, who owned and operated an undertaking establishment in the vicinity, to induce the interment of the insured's body. The assignee of the certificate of insurance duly effected proof of death and claimed the proceeds of the certificate of insurance, but liability was denied by appellant, and this suit was filed to enforce payment of the certificate. The suit was filed by the assignee of the certificate of insurance in the Poinsett Circuit Court, and appellant interposed the defense that the insured was not in good health at the time the certificate of insurance was delivered as required by the certificate of insurance and the constitution and bylaws of appellant. This was the sole contention urged by appellant in the lower court to defeat liability, and it is the sole contention here. Upon trial to a jury, under instructions not here complained of, it found this issue against appellant's contention, and this appeal seeks a review of this finding of fact.

The law is well settled in this State that, when it is established that a policy of insurance has been duly executed, the premium paid, the policy delivered and proof of death made, a *prima facie* case is made in behalf of the beneficiary or assignee, and the burden then shifts to the insurance company to show that the insured was not in

good health at the time of delivery. *Old American Insurance Co.* v. *Hartsell,* 176 Ark. 666, 4 S. W. (2d) 25; *National Life and Accident Insurance Co.* v. *Robinson,* 181 Ark. 1, 24 S. W. (2d) 878; *Knights and Ladies of Security* v. *Lewellen,* 159 Ark. 400, 252 S. W. 585.

The testimony upon the affirmative defense that the certificate was not delivered during the good health of the insured, when viewed in the light most favorable to appellee, as we are required to do, is to the following effect: On January 4, 1934, Nellie Glover was stricken with measles, but on January 12, 1934, when Mr. Blakemore delivered the certificate of insurance she was up, and about the premises; she was called into the presence of Mr. Blakemore by her mother, and he personally delivered to the child the little juvenile pin which accompanied the certificate of insurance. Mr. Blakemore testified that the child appeared to be "all right," otherwise the certificate of insurance would not have been delivered at that time.

Appellant introduced in evidence the death certificate of the insured, required by law to be filed, which reflects that the death of the insured was due to malaria and other contributing causes, "Measles, January 4, 1934, to January 9, 1934." From the testimony heretofore referred to and quoted, the jury was warranted in finding that the certificate of insurance was delivered by appellant's agent with full knowledge that the insured had recovered or was recovering from the attack of measles. Appellant's agent saw the child and was also advised by its mother of its present state of health, and no material fact or circumstance was withheld from appellant's agent prior to or at the time of the delivery of the certificate. Indeed, no concealment or fraud is intimated in reference to the state of health of the deceased at the time of the delivery of the certificate of insurance, and the record is wholly void of any such intimation. Under these facts and circumstances the law is that appellant is estopped to deny that the certificate was delivered during the good health of the insured. We have repeatedly held that knowledge of an agent acquired in the line of his duty is imputed to his principal, thereby working

an estoppel to gainsay such information. *Sovereign Camp W. O. W.* v. *Key,* 148 Ark. 562, 230 S. W. 576; *Sovereign Camp W. O. W.* v. *Newson,* 142 Ark. 132, 219 S. W. 759; *Peebles* v. *Columbian Woodmen,* 111 Ark. 435, 164 S. W. 296.

Section 6195 of Crawford & Moses' Digest does not conflict with the views here expressed, and we expressly so decided in the Key and Newson cases, cited, *supra.*

The court's instructions to the jury in charge, conforming to the views heretofore expressed, need not be discussed separately or in detail. The question of waiver of provisions of certificate was not an issue in the case, and the court was correct in refusing to instruct upon this issue.

We need not again stop to examine the legal elements of estoppel. It suffices to say that we have applied the doctrine in the cases heretofore referred to and cited, and they cannot be distinguished in principle from the legal elements of this case.

No error appearing, the judgment is affirmed.