WALTHER *v*. WALTHER.

5-2297                                           343 S. W. 2d 408

Opinion delivered February 20, 1961.

[Rehearing denied March 13, 1961.]

*Oscar Fendler* and *Gardner & Steinsiek,* for appellant.

*Claude F. Cooper,* for appellee.

J. Seaborn Holt, Associate Justice. In September, 1959, appellee, Sgt. John Joseph Walther who was at the time stationed at the Blytheville, Arkansas Air Force Base, sued his wife, Emily Hamilton Walther, for divorce. Mrs. Walther was a non-resident of Arkansas at the time and had married appellee in 1949 in North East, Maryland and they had lived together for short periods in Maryland, Illinois and Texas. Sgt. Walther entered the military service in Pennsylvania in 1941 and since has been a member of the U. S. Air Force except for two short intervals in 1947 and 1952. In April of 1956, while living in a tourist court in Sherman, Texas, Walther left his wife (appellant) and they have lived apart ever since. The record reflects that Mrs. Walther has very little education and is physically unable to support herself. Her expenditures for expenses have been met by an allotment made by Sgt. Walther in the total sum of $137.10 per month, of which amount he has been paying $60.00 and the balance, $77.10, has been paid by the U. S. Government. September 9, 1960, trial was had and a divorce awarded Sgt. Walther on the grounds of three-year continuous separation without cohabitation and the court awarded her attorney's fee, court costs, and in addition awarded her alimony in the amount of $50.00 per month for a period of twelve months only.

Mrs. Walther brings this appeal and relies upon the following points for reversal: "(I) Plaintiff [appellee] is not a resident of Arkansas within the meaning of our laws entitling him to a divorce in the courts of

Arkansas. (II) Should Sgt. Walther be entitled to a divorce, the defendant [appellant] is entitled to an award of alimony and property settlement.''

## I

We do not agree with appellant's first contention that there is not sufficient evidence in this case to show that Sgt. Walther had established his residence in Arkansas as would entitle him to bring suit for divorce. The Arkansas Constitution provides: ''No soldier, sailor or marine in military or naval service of the United States shall acquire a residence by reason of being stationed on duty in this State.'' Article III, § 7. In commenting upon the above section in the case of *Kennedy* v. *Kennedy*, 205 Ark. 650, 169 S. W. 2d 876, [a divorce case] we said: ''This section of the Constitution does not mean that a soldier, sailor or marine stationed in this State may not acquire residence in this State, but it does mean that he may not acquire a residence from the mere fact that he was stationed in the state for whatever period of time he may be so stationed. Apart from that service he must have a residence in this State, and not elsewhere, for a period of two months before filing a suit.''

It is undisputed in this record that Sgt. Walther had resided in this state for three months before suit for divorce was filed, and we think the evidence was sufficient to show that he intends to make his residence in Arkansas. Sgt. Walther testified, in effect, [quoting from appellant's brief] ''I moved to town to establish my residence in the State of Arkansas. It was not for the purpose of securing a divorce, but of making it my permanent home. It won't be long until I can retire from the Air Force. I have been over other states, and since I have been here, I have been all over the State of Arkansas. I have been to Hot Springs, up in the Ozarks, Fayetteville, Little Rock, Pine Bluff, Jonesboro, and all around Mississippi County. The people are very friendly, I like the people, the cost of living is reasonable. It appears to me it could be an ideal place to reside.'' He further

stated he claimed Arkansas as his *bona fide* home and residence and would continue to do so. "Q. Mr. Walther, have you established your residence here in Arkansas? A. Yes, sir. Q. And have you done it, to make it permanent? A. Yes, sir. Q. If you stay here throughout the rest of your service, until you retire, do you contemplate living here in Arkansas? A. Yes, sir. Q. You plan on making it your home? A. Yes, sir. Q. Was that your intention, at the time you established your residence? A. Yes, sir. Q. You could move back to the Blytheville Air Force Base today, if you wanted to, couldn't you? A. Yes, sir. Q. They have quarters available to you? A. Yes, sir. Q. Your moving to town, was a matter of your own choice, wasn't it? A. Yes, sir."

## II

We agree with appellant's second contention that should Sgt. Walther be granted a divorce, still appellant would be entitled to alimony and a property settlement. Section 34-1202, Ark. Stats. (1947) provides: "Where either husband or wife have lived separate and apart from the other for three consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was a voluntary act or by mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony." It is in the sound discretion of the trial court to grant alimony to the wife even though she be the guilty party. In the case of *Clayburn* v. *Clayburn,* 175 Ark. 330, 299 S. W. 38, the court said: "The chancery court has power to allow alimony to a wife against whom a decree of divorce is granted, the amount thereof being governed by the circumstances of each case." And in *Conner* v. *Conner,* 192 Ark. 289, 91 S. W. 2d 250, this court held: "The trial court may, in exercise of sound discretion, allow a wife alimony, attorney's fee and costs, though for her fault the husband is granted a divorce."

The record reflects that at the time the divorce decree was granted Sgt. Walther he was earning $240.00 per month. On the other hand, the evidence shows that appellant, Mrs. Walther, is now 51 years of age with very little education, is weak physically and, in fact, ill and in dire need of support in the sum of $137.10 per month, $60.00 of which is paid by appellee, as indicated. We do not agree, however, with the lower court in limiting this support money from her former husband to a period of twelve months but hold, in the circumstances, that appellee, Sgt. Walther, should continue to pay Mrs. Walther this monthly sum of $60.00 until further orders of the court, based on changed conditions.

Accordingly, the decree is remanded to the trial court with directions to amend its decree in compliance with our holding.

GEORGE ROSE SMITH, J., concurs.

ROBINSON & JOHNSON, JJ., dissent.

GEORGE ROSE SMITH, J., concurring. The majority opinion is evidently based upon the assumption that Walther was telling the truth when he testified that he intends to make his home permanently in Arkansas. This view of the proof would support a finding that Walther is domiciled in this state, and consequently the majority do not reach the question that I regard as controlling.

This is the third state in which Walther has sought a divorce. In 1953 he filed suit in Florida and asserted that he was a *bona fide* resident of that state. That suit was unsuccessful. In 1957 he filed suit in Texas and asserted that he was a *bona fide* resident of that state. That suit was unsuccessful. In 1959 he filed suit in Arkansas and asserted that he was a *bona fide* resident of this state. He testified that he intends to make his home here permanently and that he moved off the air base not for the purpose of obtaining a divorce but for that of establishing his residence in Arkansas. I am unable to believe that Walther is sincere in making these statements. In my opinion Walther's sole purpose in moving off the reservation, paying his poll tax, buying an Arkansas motor vehicle license, and

so forth, was to lay a foundation for this suit. I do not think that he really intends to make his home in this state with such a degree of permanence as to establish a domicile in Arkansas.

Nevertheless I cannot say that the proof of residence in this case is insufficient. By Act 36 of 1957 the legislature substituted residence, or mere physical presence, for domicile as a jurisdictional basis for divorce. Ark. Stats. 1947, § 34-1208.1. We upheld the statute in *Wheat* v. *Wheat,* 229 Ark. 842, 318 S. W. 2d 793. As our law now stands a nonresident civilian can come to Arkansas and obtain a divorce after a sojourn of three months, even though he testifies candidly that he came here only to obtain a divorce and that he means to leave as soon as the decree is entered. Such a decree would not be entitled to full faith and credit elsewhere, but under the statute the chancellor would have no basis for refusing to hear the case on its merits.

Walther's only difficulty is that he came to this state involuntarily, under military orders, and consequently our constitution prevents him from establishing an Arkansas residence by physical presence only. Ark. Const., Art. 3, § 7; *Kennedy* v. *Kennedy,* 205 Ark. 650, 169 S. W. 2d 876. It was therefore incumbent upon him to go a step farther and demonstrate by overt acts that he has acquired a residence here.

It is not essential, however, for a soldier in Walther's position to prove domicile as a jurisdictional requirement for his suit. The controlling constitutional provision makes no mention of domicile; it merely declares that a soldier cannot acquire a residence by reason of being stationed on duty in this state. A soldier's jurisdictional proof must therefore be directed toward establishing a middle ground somewhere between domicile on the one hand and physical presence under military orders on the other.

By moving off the air base and thereby taking a minor part in the civilian life of the community Walther did what he could to demonstrate objectively that his connection with this state went beyond his simply being stationed

here in obedience to compulsory orders. Under the reasoning in the *Wheat* decision the real question is whether Walther's activities have provided the state of Arkansas with such cause for an interest in his marital status as to justify our courts in entertaining his suit for divorce. Unless we are to require proof of domicile in this case— a requirement that would be peculiar to soldiers and sailors and that would find no direct support in the language of the constitution and statutes—I see no tenable ground for holding that Walther's actions fall short of establishing his residence.

ROBINSON, J., concurring and dissenting. I join in Mr. Justice George Rose Smith's concurring opinion in this case as to the residence of the appellee.

I dissent, however, from that part of the majority opinion regarding the alimony. I think the chancellor's decision in respect to allowing alimony for only one year was correct. Therefore, I would affirm the case in its entirety.

Per Curiam, on rehearing. Appellant's counsel is allowed an additional fee of $100, to be taxed as costs. Rehearing denied.